# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

BOBBY RAY CROOM                                                  PETITIONER

v.                                                                  No. 2:07CV205-P-A

SHERIFF ANDREW THOMPSON, JR., ET AL.                RESPONDENTS

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner petition of Bobby Ray Croom for a writ of *habeas corpus* under 28 U.S.C. § 2254. The state has moved to dismiss the petition for failure to exhaust state remedies. The petitioner has responded, and the matter is ripe for resolution. For the reasons set forth below, the instant petition shall be dismissed without prejudice for failure to exhaust state remedies.

### Facts and Procedural Posture

On January 18, 2002, Croom pled guilty to the sale of cocaine in the Circuit Court of Coahoma County, Mississippi. That same day, Croom was sentenced to serve one year in the custody of the Mississippi Department of Corrections ("MDOC") and five years thereafter on post-release supervision. On June 2, 2003, after Croom was released on post-release supervision, an affidavit was filed stating that Croom had violated several of the terms of his probation, and a warrant was issued for his arrest. Thereafter, on August 20, 2003, Croom's probation was revoked and he was ordered to serve four years in the custody of MDOC with one year of post-release supervision immediately following his release. However, that order of the Coahoma County Circuit Court contained a clerical error: in the paragraph immediately following Croom's sentence of four years, the court mistakenly listed the sentence to be one year

in the custody of MDOC. It appears that MDOC misunderstood Croom's sentencing order and released him one year later on August 20, 2004. Thereafter, on October 14, 2004, an affidavit was filed in the Circuit Court of Coahoma County Circuit Court attesting that Croom had once again violated the terms of his probation, and a warrant was again issued for his arrest. As a result, the trial court entered another sentencing order on October 9, 2007, finding that, due to the clerical error in the sentencing order of August 20, 2003, Croom had not yet completed the four years he had been sentenced to serve and ordered that Croom be returned to the custody of MDOC to serve the remainder of that term. Croom has filed no post-conviction action in Coahoma County Circuit Court challenging this revocation. Neither does he have a cause of action currently pending in the Mississippi Supreme Court.

On November 2, 2007, Croom filed the instant *habeas corpus* petition in this court, citing the following grounds for relief (set forth verbatim as stated by the petitioner):

**Ground One:**     Sentenced to serve 4 years.

**Ground Two:**     Revocation hearing without notice.

**Ground Three:**     Judge Webster changed sentencing order.

**Ground Four:**     Judge re-sentence me on same charge.

The state has moved to dismiss the petition for failure to exhaust state remedies, and the petitioner has responded.

## Exhaustion

Resolution of the instant petition is governed by 28 U.S.C. § 2254, which provides in part:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –
> (A) the applicant has exhausted the remedies available in the

> courts of the State; or
> (B)(I) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

Section 2254(c) also provides:

> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

Applicants seeking federal *habeas corpus* relief under § 2254 must exhaust all claims in state court before seeking federal relief. *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999); *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998). To satisfy the exhaustion requirement, a federal petitioner for *habeas corpus* relief must present his claims to the state's highest court in a procedurally proper manner to provide the state courts a fair opportunity to review the claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728 (1999); *Carter v. Estelle*, 677 F.2d 427, 442-44 (5th Cir. 1982). Once the Mississippi Supreme Court has had the opportunity to rule upon the petitioner's claims, he will have exhausted them. The petitioner has not, however, presented his claims to the Mississippi Supreme Court. As such, his federal claims for *habeas corpus* relief must be dismissed. 28 U.S.C. §2254(b)(1) and (c). A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 23rd day of June, 2008.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE